487 So.2d 533 (1986)
Diana KAVANAUGH
v.
ORLEANS PARISH SCHOOL BOARD.
No. CA 4558.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Law Offices of J. Wayne Mumphrey, J. Wayne Mumphrey, Jeff Perigoni, Chalmette, for plaintiff-appellant.
Charles T. Curtis, Jr., New Orleans, for defendant-appellee.
Before GULOTTA, SCHOTT and BARRY, JJ.
SCHOTT, Judge.
Plaintiff, a public school teacher, sued the School Board for the value of property taken from her in a robbery on school premises. The robber had entered the school grounds through a hole in the fence. From a judgment dismissing her suit plaintiff has appealed. The issue is whether defendant breached its duty to provide plaintiff with a reasonably safe place to work or if this duty encompassed the risk of a teacher being robbed under the circumstances of this case.
On the morning of September 26, 1983 plaintiff came to work at Hoffman Elementary School at approximately eight o'clock. She entered the school grounds through the main gate and as she walked toward her classroom she noticed a man and a woman in an alley adjacent to the grounds and separated from them by a chain link fence. She entered her classroom and was preparing for the day when the man she had seen in the alley entered the classroom and held her up at gunpoint. The robber had entered the school grounds through a large hole in the fence along the alley.
The trial judge saw the issue as to whether defendant breached its duty under LSA-R.S. 23:13 to furnish employment which shall be "reasonably safe" for its employees; to "do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees." He reached the following conclusions:
The evidence shows that Hoffman school was a reasonably safe place to work before plaintiff's robbery. Statistically it is one of the safest. It was not foreseeable to the School Board that a hole in the fence would create such an unreasonably dangerous condition as to be a cause in fact of the robbery perpetrated upon the plaintiff. The School Board is not the insurer of safety of its employees from all risks of harm.
Plaintiff specifies error in the court's failing to hold that defendant did not do everything reasonably necessary to protect the safety of its employee and in its holding that it was not foreseeable to defendant, that the hole in the fence would create an unreasonably dangerous place for plaintiff to work.
*534 The hole in the fence had been present since the previous spring when the fence was cut to permit tree cutting machinery to enter the grounds. The principal had asked the Board to repair the fence. Although plaintiff and her witness offered some vague testimony relative to crimes committed on the grounds previous to the present incident the school records and believable testimony support the conclusion that there were only a handful of afterhours acts of vandalism, some thefts of batteries from automobiles parked on the street outside of school grounds, and a couple of purse thefts on record before this robbery over a number of years. All of the witnesses agreed the school had been a safe place prior to this incident. There was no evidence to support a conclusion that defendant was unreasonable in failing to anticipate that the unrepaired hole in the fence would lead to an armed robbery. The duty of furnishing reasonably safe employment and doing what is reasonably necessary for employees' welfare does not encompass protection against aberrant hazards which cannot be reasonably foreseen or anticipated.
In a duty-risk analysis of the situation as was conducted in Sibley v. Gifford Hill and Co., Inc., 475 So.2d 315 (La.1985) we likewise conclude that the judgment of the trial court is correct. The defendant's duty to its employee did not encompass the risk that a hole in the fence would enable someone intent on robbing the employee to enter the premises. There is no ease of association between the breach (failure to repair the fence) and the damages sustained (the robbery).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.